IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jacqueline D. Smith, | ) | |
| | ) | C/A No. 8:10-2624-CMC-JDA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. The Report, filed on January 18, 2012, recommends that the decision of the Commissioner be affirmed. Dkt. No. 18. On February 16, 2012, Plaintiff filed objections to the Report. Dkt. No. 23. On March 5, 2012, the Commissioner filed a response to Plaintiff's objections. Dkt. No. 25. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination

1

of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## BACKGROUND

Plaintiff applied for SSI and DIB, alleging disability as of August 12, 2006, due to a heart defect, difficulty breathing, dizziness, and headaches.  The ALJ conducted a hearing on August 14, 2009, and issued a decision on October 21, 2009, finding that although Plaintiff suffered from congenital heart defects, sleep apnea, anxiety, and depression, Plaintiff was not disabled.  On August

17, 2010, the Appeals Council denied Plaintiff's request for review. Plaintiff filed this action on October 11, 2010. Dkt. No. 1.

**DISCUSSION**

The Magistrate Judge recommends that the court affirm the Commissioner's decision because it is supported by substantial evidence. Plaintiff objects to the Report, arguing that the Magistrate Judge erred in finding that (1) the ALJ properly assigned little weight to a treating physician's opinion (Dr. Cole); (2) the ALJ did not err with respect to Dr. Nawabi's opinion concerning Plaintiff's sleep apnea; and (3) the ALJ did not err by failing to identify specific occupations that Plaintiff could perform. Dkt. No. 23. Plaintiff raised these arguments in her opening brief to the Magistrate Judge.

**Dr. Cole.** Plaintiff contends that the Magistrate Judge incorrectly found that the ALJ did not err when she rejected the opinion of Dr. Cole, a treating physician. Dr. Cole opined that Plaintiff may be able to work for 3-4 hours per day at a sedentary job and that she would need to rest away from the work station for more than one hour out of an eight hour work day, even at a sedentary job. Tr. 878-79. Dr. Cole explained that Plaintiff has neck and upper back pain that would limit her ability to concentrate and that her current medications to control that pain have side effects of significant sedation. *Id.* at 879. Further, Dr. Cole explained that Plaintiff would need to take breaks from working because sedentary work would require her to "hold[] up her head for long periods of time" which would cause her to suffer neck and back pain. *Id.*

After fully explaining Dr. Cole's opinion, the ALJ rejected Dr. Cole's opinion for the following reasons:

As for opinion evidence, Dr. Cole's opinion (Exhibit 36F) is based on the claimant's

> subjective allegations rather than objective findings. Her condition appears to be adequately treated as the reported activities of daily living indicate no significant limitations. In addition, she was advised to increase her ambulation and activities.

Tr. 16-17. Plaintiff argues that this explanation is insufficient and inaccurate. Plaintiff argues that Dr. Cole's opinion was not based solely on Plaintiff's subjective complaints because Dr. Cole was Plaintiff's treating physician for many years and has reviewed various tests and objective findings. Dr. Cole's written opinion contained in Exhibit 36F – which appears to be written in response to Plaintiff's counsel request for a disability opinion – is phrased in a manner from which it was reasonable for the ALJ to perceive that the opinion was based primarily on Plaintiff's complaints. For example, Dr. Cole does not definitively state the cause of Plaintiff's neck and back pain but rather states that it "could be related to the degenerative disc disease in her cervical spine." Tr. 878. Further, the opinion is full of reports of Plaintiff's complaints: "She has consistently complained to me of fatigue and shortness of breath on exertion. . . . She has also complained to me consistently of pain and muscle spasm in her neck and upper back. . . . She has more recently complained to me of anxiety . . . ." *Id.* at 878-89.

As Plaintiff pointed out, Dr. Cole had reviewed Plaintiff's x-rays of her spine and diagnosed her with mild degenerative disc disease, which the ALJ found was not disabling. However, as further explained by the ALJ, Dr. Cole's opinion was not consistent with Plaintiff's activities of daily living, which the ALJ found were only mildly limited. The ALJ found that Plaintiff "walks 3 times a week, goes grocery shopping, does light cooking, watches television, and her mother and daughter help care for her baby." Tr. 13. The ALJ found that the work limitations described by Dr. Cole were inconsistent with these activities.

Even though the ALJ did not completely describe the basis for Dr. Cole's opinion, i.e., that

it was also based in part on objective findings, the ALJ's decision to reject Dr. Cole's opinion is supported by substantial evidence. Plaintiff failed to direct the court to any other medical record indicating that she complained of side effects of her medications, such as sedation, or that Plaintiff could not hold her head up without pain such that her pain would interfere with concentration. Although the ALJ could have more thoroughly explained her reasoning for rejecting Dr. Cole's opinion, this court is able to review her decision. The court finds that her decision to reject Dr. Cole's opinion is supported by substantial evidence because his opinion is inconsistent with Plaintiff's activities of daily living and there is no further medical evidence in the record to which Plaintiff cites that supports the work limitations described by Dr. Cole. The court, therefore, adopts the Report with respect to Dr. Cole's opinion and rejects Plaintiff's objection.[1]

**Dr. Nawabi.** Plaintiff objects to the Report's conclusion that the ALJ did not err with respect to Dr. Nawabi's opinion on Plaintiff's sleep apnea. Dkt. No. 23 at 7-10. The ALJ gave weight to the work restrictions described by Dr. Nawabi. Tr. 17. According to Plaintiff, Dr. Nawabi opined that Plaintiff would not be able to engage in even sedentary work due to the effects of her sleep apnea, and the ALJ, therefore, erred in finding no limitations due to Plaintiff's sleep apnea. However, as explained in the Report, Plaintiff misstated Dr. Nawabi's opinion. Dr. Nawabi did not opine that Plaintiff's sleep apnea prevented her from engaging in sedentary work. Dr. Nawabi specifically deferred to Plaintiff's lung doctors as to whether her sleep apnea would affect her ability

---

[1] Plaintiff also objects to the Report's conclusion that any failure by the ALJ to fully explain her reasons for rejecting Dr. Cole's opinion is harmless error. The court agrees with the Report that any failure by the ALJ is harmless error because the reasons proffered by the ALJ are supported by substantial evidence. The court is convinced that, upon remand, the ALJ would reach the same result with respect to Dr. Cole's opinion. There is no indication that the ALJ misinterpreted Dr. Cole's opinion or failed to consider it fully.

to work. Tr. 880. Therefore, Dr. Nawabi did not have an opinion regarding the effect of her sleep apnea on her ability to work. As adequately explained in the Report and in the Commissioner's response to Plaintiff's objections, the ALJ's finding that Plaintiff's sleep apnea was not disabling and was treated with a CPAP mask worn at night is supported by substantial evidence. Dkt. No. 18 at 28-29; Dkt. No. 25 at 2-3. The court, therefore, rejects Plaintiff's objection.

**Specific Occupations.** Plaintiff objects to the Magistrate Judge's determination that the ALJ did not err by not including specific occupations with reference to the Dictionary of Occupation Titles ("DOT") in her decision. During the hearing, a vocational expert ("VE") testified that, based on the hypothetical described by the ALJ, Plaintiff could perform the occupation of clerk, order clerk, and information clerk (classified as DOT 237.367-018) and the occupation of inspector (classified as DOT 726.684-050). Tr. 40. As explained in the Report, the ALJ adopted the VE's testimony and found that Plaintiff could perform these jobs. Plaintiff argues that the ALJ's failure to list the DOT numbers in her decision is error because Plaintiff cannot challenge her ability to perform the jobs.[2] However, Plaintiff had an opportunity to cross examine the VE during the hearing and had an opportunity to argue that she was unable to perform the specific jobs offered by the VE. The ALJ did not err by not including the DOT classification for "order and information clerk" and "inspector" jobs. Tr. 18. The Report adequately addresses Plaintiff's objection, and the Commissioner's response to Plaintiff's objection on this issue correctly explains why Plaintiff's argument fails. The court, therefore, rejects Plaintiff's objection.

---

[2] Plaintiff does not object to the Report's interpretation that Plaintiff only argued that the ALJ failed to specify jobs, not that the jobs identified by the VE were beyond Plaintiff's exertional limitations. Dkt. No. 18 at 37 n.14.

## CONCLUSION

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 9, 2012